USCA1 Opinion

 

 February 16, 1996\ [Not for Publication] [Not for Publication] United States Court of Appeals United States Court of Appeals For the First Circuit For the First Circuit ____________________ No. 95-2154 JOHN STAFFIER AND PAMELA STAFFIER, Plaintiffs, Appellants, v. SANDOZ PHARMACEUTICALS CORP., Defendant, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Nathaniel M. Gorton, U.S. District Judge] ___________________ ____________________ Before Cyr, Boudin and Stahl, Circuit Judges. ______________ ____________________ Richard T. Tucker and Weinstein, Bernstein & Burwick, P.C. on __________________ ______________________________________ brief for appellant. Peter O. Hughes, Patrick M. Stanton, Stanton, Hughes, Diana & ________________ ___________________ _________________________ Zucker, P.C., Karen L. Carlotto, Keith E. Wexelblatt, and Choate, Hall ____________ _________________ ___________________ ____________ & Stewart on brief for appellee. _________ ____________________ ____________________ Per Curiam. Plaintiff-appellants John Staffier and Per Curiam. __________ Pamela Staffier appeal from the district court's decision granting summary judgment for Sandoz Pharmaceuticals, Inc. ("Sandoz"). John Staffier sued Sandoz for employment discrimination on account of age and/or handicap under the Massachusetts employment discrimination statute, Mass. Gen L. ch. 151B, and the Massachusetts Civil Rights Act, Mass. Gen. L. ch. 94. Pamela Staffier sued for loss of consortium. On appeal, Staffier pursues only the employment discrimination claim under Mass. Gen. L. ch. 151B. The facts and the applicable law are set forth in the district court's Memorandum and Order dated June 19, 1995. Staffier v. Sandoz Pharmaceuticals Corp., 888 F. Supp. ________ ____________________________ 287 (D. Mass. 1995). We have carefully reviewed the parties' briefs and the record on appeal. The district court correctly determined that Staffier failed to present evidence that, viewed most favorably to Staffier, establishes a prima facie case of discrimination. In particular, Staffier failed to present facts that would allow an inference that he applied for and was qualified for the two sales positions he claims to have wanted. Those positions were filled before he was medically cleared to return to work. Staffier argues for an inference that the medical clearance requirement was a mere pretext, because Sandoz subsequently waived the requirement with no -2- 2 further information than it had at the time the positions were open. We find it unreasonable to ask a factfinder to infer that (1) Sandoz did not really require medical clearance for a job applicant who had been totally disabled for the previous nine years, and (2) Sandoz's decision eventually to grant clearance without the additional medical data it initially sought indicates that the medical clearance requirement was a sham.  We have considered all of Staffier's other arguments and they are without merit. There simply are no reasonable inferences of intentional employment discrimination to be drawn from the facts in the summary judgment record, and Staffier's unsupported allegations are insufficient to make out his case. There being no need to go further, we affirm the summary judgment for Sandoz on the ______ basis of the district court's well-reasoned opinion. -3- 3